|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRISM NUTRACEUTICAL CORPORATION,

    Plaintiff,

v.

NUTRACEUTICAL CORPORATION,

    Defendant.

CASE NO. C16-5713-RBL

ORDER DENYING MOTION TO DISMISS

[Dkt. #14]

THIS MATTER is before the Court on Defendant Nutraceutical's Motion to Dismiss. [Dkt. #14] Nutraceutical and Plaintiff Prism are apparently competitors in the nutritional supplement industry. Prism claims that a self-proclaimed Nutraceutical Vice President, John Russo, sent emails to Prism's customers, misrepresenting that Nutraceutical had re-formulated and renamed two of Prism's products. Prism also claims that other Nutraceutical employees misrepresented that Prism's products were back-ordered or out of stock.

Prism sued in state Court and Nutraceutical removed the case here. Nutraceutical seeks dismissal, claiming that Russo is not a Nutraceutical employee, but rather the employee of an unidentified, wholly-owned Nutraceutical subsidiary. It argues that the Court lacks subject matter jurisdiction and the case must be dismissed under Rule 12(b)(1) because there is no "case

or controversy" between Prism and Nutraceutical. This novel argument depends on the defendant's own claim that it is the wrong party, in the face of a complaint alleging that Russo identified himself as a Nutraceutical Vice President.

Prism argues persuasively that the proper course is to challenge the pleading under Rule 12(b)(6), citing a similar case, *Davis v. Wells Fargo*, 824 F.3d 333 (3rd Cir. 2016). It also argues that even if the motion is a proper rule 12(b)(1) jurisdictional challenge, there is competing evidence that Russo acted as Nutraceutical's agent—his own representation, his email address, the link in it, and the inference that the misrepresentations were designed to benefit Nutraceutical at Prism's expense. And there are Prism's allegations that other Nutraceutical employees made similar misrepresentations, which are not addressed in Nutraceutical's motion.

For each of these reasons, the Motion to Dismiss for lack of subject matter jurisdiction based on Nutraceutical's claim they are the wrong defendant is DENIED.

IT IS SO ORDERED.

Dated this 30th day of November, 2016.

Ronald B. Leighton
United States District Judge